## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**NICOLE M. HARTFORD**                                **CIVIL ACTION**

**VERSUS**                                            **No. 07-1370**

**FIDELITY AND DEPOSIT COMPANY**
**OF MARYLAND**                                       **SECTION: I/3**

### ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiff, Nicole M. Hartford.

For the following reasons, plaintiff's motion to remand is **GRANTED**.

### *BACKGROUND*

Plaintiff owns a home at 2113 Alabo Street in New Orleans, Louisiana.[1]  During the

relevant time period, plaintiff held a homeowner's insurance policy in the amount of $49,000

with defendant, Fidelity and Deposit Company of Maryland ("Fidelity").[2]  Plaintiff alleges that,

on August 29, 2005,"severe and extensive wind damage" caused by Hurricane Katrina rendered

the property a total loss.[3]  On September 20, 2005, plaintiff filed a claim with defendant.[4]  On

November 8, 2005, defendant inspected the property,[5] and in May 2006, plaintiff received a

check for $13,649.35.[6]

On August 28, 2006, plaintiff filed a lawsuit against Louisiana Citizen Property

---

[1]Rec. Doc. No. 1-3, p. 7.

[2]Rec. Doc. No. 1-3, p. 7.

[3]Rec. Doc. No. 1-3, p. 7.

[4]Rec. Doc. No. 1-3, p. 19.

[5]Rec. Doc. No. 1-3, p. 7.

[6]Rec. Doc. No. 1-3, p. 8.

Insurance Company in Civil District Court for the Parish of Orleans.[7]  On February 5, 2007,

plaintiff amended her complaint to name Fidelity as the proper defendant.[8]  Plaintiff alleges that

defendant breached its insurance contract by failing to pay the full amount due under the terms

of the contract.[9]  Plaintiff further alleges that, in failing to timely adjust and pay her claim,

defendant acted "in a manner that was arbitrary, capricious, and without probable cause."[10]

Plaintiff seeks unspecified damages, penalties, attorney's fees, and costs.[11]

On March 22, 2007, defendant removed the case to this Court, asserting jurisdiction

pursuant to 28 U.S.C. §§ 1332 and 1441.[12]  On June 1, 2007, plaintiff moved to remand,[13]

arguing that the amount in controversy requirement under 28 U.S.C. § 1332 has not been met.[14]

## LAW AND ANALYSIS

### I. Standards of Law

#### A.  Motion to Remand

A district court must remand a case to state court if, at any time before final judgment, it

appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal

statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No.

---

[7]Rec. Doc. No. 1-3, p. 7.

[8]Rec. Doc. No. 1-3, p. 3.

[9]Rec. Doc. No. 1-3, p. 8.

[10]Rec. Doc. No. 1-3, p. 8.

[11]Rec. Doc. No. 1-3, p. 4.

[12]Rec. Doc. No. 1, p. 3.

[13]Rec. Doc. No. 10, p. 1.

[14]Rec. Doc. No. 10, p. 1.

94-1450, 1995 WL 479719, at *1 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").  Doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

*B. Diversity Jurisdiction*

In order to satisfy diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000, exclusive of interest and costs.  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  Defendant must prove by a preponderance of the evidence that plaintiff's claim exceeds the limit either "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'" *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).   The Court must look at the claims as they existed at the time of removal, and any ambiguities are strictly construed in favor of remand.  *Manguno*, 276 F.3d at 723.  In considering whether the defendant has met the preponderance standard, "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy."  *Franklin v. State*

*Farm Ins. Co.*, No. 06-5858, 2006 WL 2925513, at *2 (E.D. La. Oct. 10, 2006) (Barbier, J.)

(citing *Atkins v. Lexington Ins. Co.*, No. 06-1254, 2006 WL 1968895, at *3 (E.D. La. Jul. 12,

2006) (Vance, J.)).

If the defendant meets its burden, then "the plaintiff must be able to show that, as a

matter of law, it is certain that he will not be able to recover more than the damages for which he

has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.

1995). This is known as the "legal certainty test." *Id.* It is "not a burden-shifting exercise." *Id.*

at 1412. The Fifth Circuit has suggested that this burden may be satisfied by demonstrating that

state law prevents recovery in excess of $75,000 or that the plaintiffs are somehow "bound

irrevocably" to an amount under the federal jurisdictional limit. *De Aguilar*, 47 F.3d at 1412;

*Franco v. Teasdale*, No. 06-2754, 2006 WL 2224743, at *3 (E.D. La. Aug. 1, 2006).

*C. Choice of Law*

Because the Court's subject matter jurisdiction is predicated on the diversity of

citizenship of the parties, Louisiana law applies to plaintiff's claims. *See Batts v. Tow-Motor*

*Forklift Co.*, 66 F.3d 743, 750 (5th Cir. 1995) (stating "*Erie* [*Railroad Co. v. Tompkins*, 304 U.S.

64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)] requires that diversity courts follow state law on

substantive matters not governed by the Constitution or by federal law").

**II. Amount in Controversy**

Plaintiff's state court petition included an affidavit from defendant's agent citing

$35,350.65 as the difference between the policy limit of $49,000 and the $13,649.35 that

4

defendant has already paid for plaintiff's claim.[15]   Plaintiff is also seeking penalties and attorney's fees pursuant to La. Rev. Stat. §§ 22:658 and 22:1220.[16]   Plaintiff claims that, pursuant to § 22:1220, she is only entitled to the "alternate statutory penalty" of $5,000 available under that provision.  Using this figure, plaintiff then calculates her potential award at $40,530.  Plaintiff reasons that, to exceed the $75,000 jurisdictional amount, an award of attorney's fees pursuant to § 22:658 would have to be exceedingly large and disproportionate to the damage claims.

Defendant contends that it is facially apparent from plaintiff's petition that her claim exceeds $75,000.[17]   Defendant first argues that the amount remaining on the policy is actually $40,250.65.[18]  Defendant reasons that plaintiff's characterization of the damage to her property as a "total loss"[19] supports the conclusion that plaintiff is seeking the maximum available on her

---

[15]Rec. Doc. No. 1-3, p. 20.

[16]Rec. Doc. No. 10, p. 1.

[17]Rec. Doc. No. 11, p. 4.

[18]Rec. Doc. No. 11, p. 4.

[19]Rec. Doc. No. 1-3, p. 7.

policy.[20]  Defendant also asserts that plaintiff's claims pursuant to §§ 22:658 and 22:1220[21]

could, if proven, exceed $75,000.[22]

      The Court finds that plaintiff's estimate of the amount in controversy is more accurate.

Defendant's calculation is based, in part, on the wrong versions of the relevant statutes.[23]

Section 22:658 provides a penalty for bad faith failure to timely pay a claim.[24]  In June 2006, the

Louisiana legislature passed an amendment that increased this penalty from 25% to 50% of the

amount the claimant was owed and also reinstated a provision for reasonable attorney's fees and

costs.  2006 La. Acts 813 § 1.  These changes went into effect on August 15, 2006--after

defendant's alleged breach--and are not applied retroactively.  *Ferguson v. State Farm Ins. Co.*,

No. 06-3936, 2007 WL 1378507, at *3  (E.D. La.  May 9, 2007) (Berrigan, J.) (citing *Lewis v.

State Farm Ins. Co.*, 946 So. 2d 708, 728-29 (La. App. 2d Cir. 2006)).

---

    [20]Rec. Doc. No. 11, p. 4.  Initially, in its removal petition, defendant agreed with plaintiff's calculation of the amount remaining on the policy.  Rec. Doc. No. 1, p. 5.  In its opposition to this motion, however, defendant contends that an "Other Structures" supplemental provision to the policy would potentially allow plaintiff to recover an additional $4,900.  This supplemental provision states that Fidelity will "cover other structures on the Described Location, set apart from the dwelling by a clear space.  This includes structures connected to the dwelling by only a fence, utility line, or similar connection" and that plaintiff "may use up to 10% of the Coverage A amount of insurance for loss by a Peril Insured Against to other structures described in Coverage B."  Rec. Doc. No. 1-3, p. 13.  This Court, however, will apply plaintiff's lower figure in calculating the amount in controversy for two reasons.  First, in matters concerning removal, courts look to the plaintiff's petition; here, plaintiff's petition makes no claim pursuant to the "Other Structures" provision.  *See Manguno*, 276 F.3d at 723.  Second, the Court is bound to construe any ambiguity in favor of remand.  *Id.*  As stated *infra*, however, the Court's conclusion would be the same even using defendant's figures.

    [21]Rec. Doc. No. 10, p. 1.

    [22]Rec. Doc. No. 11, pp. 5-6.

    [23]Defendant recognizes that it applies the wrong version of § 22:658.  Rec. Doc. No. 11, p. 4 n.1.

    [24]*See* § 22:658(B)(1) ("Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty . . . .").

Defendant is also incorrect in its assertion that attorney's fees and costs would be awarded under § 22:658; at the time of the breach, that statute did not provide for such an award. *See, e.g., Smith v. State Dept. Transp. & Dev.*, 899 So. 2d 516, 527 (La. 2005) (noting that "attorney fees are not allowed except where authorized by contract or statute"). The applicable version of this statute is the one that was modified in 2003 when the Louisiana legislature increased the penalty from 10% to 25% and deleted the provision for attorney's fees and costs. 2003 La. Acts 790 § 1; *see Ferguson*, 2007 WL 1378507, at *3-4 (discussing and applying the version of § 22:658 that was in effect at the time of Hurricane Katrina); *cf. Lewis v. State Farm Ins. Co.*, 946 So. 2d 708, 729 (La. App. 2d Cir. 2006) ("Since, however, Plaintiffs' causes of action arose prior to this amendment, they are entitled to attorney fees as provided by the version of the statute in effect at that time."); *Geraci v. Byrne*, 934 So. 2d 263, 267-68 (La. App. 5th Cir. 2006) (finding relevant acts took place prior to statute's amendment and that, therefore, attorney's fees award was available). Therefore, the appropriate potential award under § 22:658 would be at most 25% of $35,350.65, or $8,837.66.

Plaintiff also seeks relief pursuant to § 22:1220, which provides for consequential damages that may ensue from a delay in a claim being settled when the delay is "arbitrary, capricious, and without probable cause." Section 22:1220 allows for penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." § 22:1220(C).[25] Defendant asserts that penalties under this statute encompass such a broad range

---

[25]§ 22:1220(C) ("In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.").

of potential damages--including emotional distress, mental anguish, anxiety, inconvenience, and loss of income--that the award under § 22:1220 by itself may exceed $75,000.[26]   Defendants' assertion, though generous, has no basis in law or in the facts as they are presented to this Court. *See Berry v. Allstate Ins. Co.*, No. 06-4922, 2006 WL 2710588, at *2 (E.D. La. Sept. 19, 2006) (Zainey, J.) (stating "(a) claim for penalties under Louisiana's Insurance Code and a high policy limit do not *ipso facto* render a case removable").

Apart from general allegations of damages,[27] plaintiff offers no proof to detail any consequential damages resulting from defendant's alleged breach.  In analyzing a prayer for relief that includes a claim pursuant to § 22:1220 but no specific claim of the damages suffered, courts have used the statutory minimum award of $5,000 when calculating the amount in controversy for jurisdictional purposes.  *See, e.g., Pride v. Am. Sec. Ins. Co.*, No. 02-2748, 2003 WL 1618566, at *2 (E.D. La. Mar. 26, 2003) (Barbier, J.) (citing *In Re Hannover Corp. Am.*, 67 F.3d 70, 76 (5th Cir. 1995)); *Hall v. State Farm Mut. Auto. Ins. Co.*, 658 So. 2d 204, 208 (La. App. 3d Cir. 1995).

In *Calogero v. Safeway Insurance Co.*, the Louisiana Supreme Court held that a plaintiff could not recover penalties under both §§ 22:658 and 22:1220.  753 So. 2d 170, 174 (La. 2000). Though the statutes themselves do not explicitly preclude dual recovery, this Court is bound to follow Louisiana law in diversity cases and is further persuaded by recent decisions within this district.  *See ANF Partners #1 v. Lexington Ins. Co.*, No. 06-4342, 2007 WL 1191227, at *4

---

[26]Rec. Doc. No. 11, p. 5.

[27]Rec. Doc. No. 1-3, p. 9 (seeking relief for "any and all additional damages incurred by petitioner due to defendant failure to engage in proper loss adjustment which has prevented or hampered petitioner from repairing the property and which they know or should have known would lead to additional losses to petitioner").

(E.D. La. Apr. 23, 2007) (Feldman, J.); *Baker v. Dearie*, No. 03-678, 2006 WL 1968902, at *3 (E.D. La. Jun. 28, 2006) (Berrigan, J.) ("There is authority for the proposition that where Section 1220 provides the greater penalty, it supersedes Section 658 such that the plaintiff can not recover under both statutes, with the possible exception of attorney's fees and costs.") (citing *Calogero*); *Felham Ent. (Cayman) Ltd. v. Certain Underwriters at Lloyds*, No. 02-3588, 2005 WL 2050284, at *31 (E.D. La. Aug. 2, 2005) (Engelhardt, J.).  Therefore, plaintiff's claims are limited to recovery under whichever statute may grant the larger award.  *See Felham,* 2005 WL 2050284, at *31.  In this case, the potential award of $8,837.66 pursuant to § 22:658 is the larger amount, and it will be considered the amount in controversy for the alleged bad faith actions of the defendant.

Finally, § 22:1220 does not provide compensation for attorney's fees.  While many of the cases addressing the application of § 22:1220 discuss the permissibility of penalties under § 22:1220 and attorney's fees under § 22:658, *see, e.g.*, *Pride*, 2003 WL 1618566, at *1, this remedy is inapplicable in the instant case.  As stated above, the version of § 22:658 in effect at the time of the defendant's breach does not provide for attorney's fees.  Plaintiff's recovery is, therefore, limited to the extent of her policy plus a penalty of 25% of that amount, with no potential recovery of attorney's fees.

The amount in controversy facially apparent from plaintiff's petition approaches $44,118.31,[28] far short of the$75,000 necessary for federal jurisdiction.  As defendant has not offered facts that support an alternative finding, the Court finds that defendant has not met its

---

[28]This sum results from adding the total amount left on the policy ($35,350.65) and the amount potentially recoverable from any bad faith action on the part of defendant ($8,837.66).

burden for removal.  *See Berry*, 2006 WL 2710588, at *2.[29]

### III. Request for Attorney's Fees

Plaintiff also requests attorney's fees and costs for defendant's improper removal.  The decision whether to award fees and costs is discretionary.  *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).  This Court exercises its discretion not to grant plaintiff's request for attorney's fees and costs.

Accordingly,

**IT IS ORDERED** that motion to remand filed on behalf of plaintiff, Nicole M. Hartford, is **GRANTED**, and plaintiff's case is **REMANDED** to the Civil District Court for the Parish of Orleans pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

New Orleans, Louisiana, July ___17th___, 2007.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[29]Rec. Doc. No. 11, p. 4.  Even if the Court conducted this analysis accepting the defendant's larger potential amount left on the policy, the amount in controversy would still fail to meet the jurisdictional requirement. Beginning with $40,250.65 remaining on the claim, plus $10,062.66 in statutory damages of 25% under § 22:658, the total amount in controversy would only equal $50,313.31.